RICHARD B. KIENLE, PLAINTIFF-RESPONDENT, v. MAC FULTON, INCORPORATED, ET AL., DEFENDANTS-APPELLANTS.

Argued May 1, 1934—Decided September 8, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellants, *D. Trueman Stackhouse.*

For the respondent, no appearance.

The opinion of the court was delivered by

DONGES, J. This appeal brings up a judgment of the District Court of the city of Camden in favor of plaintiff-respondent against the defendant, Mac Fulton, Incorporated, Valentine M. Fulton, trading as Finance Exchange Company, and Valentine M. Fulton, individually.

The action below was brought upon an alleged deceit in the sale of an automobile, it being alleged that Mac Fulton, Incorporated, sold plaintiff a 1928 Graham Paige automobile upon a representation that it was a 1930 model, and that plaintiff, relying upon such representation, purchased it and afterwards discovered the fraud. The plaintiff signed a contract and other papers, and the contract, requiring payment of the sum of $45 in installments, was assigned to the finance company. The down payment of $90 recited in the agreement was the agreed trade-in value of a 1930 Chevrolet which plaintiff turned over to the seller. Plaintiff made no further payments. The judge of the District Court gave judgment for plaintiff against all defendants in the sum of $78 damages and $8.30 costs, and found a verdict of no cause of action on a counter-claim filed by the Finance Company to recover from the plaintiff the amount of its claim upon the assigned contract.

The trial court found the 1930 Graham Paige to be worth $115, and that the plaintiff was entitled to recover the difference between the 1930 and the 1928 cars. The one being worth $115 and the 1928 car $37.

The appellants raise a number of grounds of appeal. The first four have to do with the question of whether the plaintiff was actually deceived into believing that he was receiving

a 1930 car when in fact he was receiving a 1928. While the proofs are not convincing, perhaps it may be said that there is some testimony from which the trial judge may be justified in his finding.

The fifth, sixth and seventh grounds of appeal are based upon the adoption of an erroneous rule of damage and the use by a witness for the plaintiff, called as an expert, of a so-called Red Book. The witness Boas was qualified as an expert but he did not testify of his own knowledge. Over objection he testified that certain values were given in the Red Book, which was not shown to be proper as a scientific work upon the question of automobile values. From this Red Book he testified that the 1928 car was valued at $37 and the 1930 car at $115, and thereby the court reached the amount of the damages as the difference between these two figures. There was testimony on behalf of appellants that the value of the car sold was $150, and we think that this was the only competent testimony before the court, our opinion being that the Red Book was not competent for use in the manner permitted in this case. Upon this ground alone the judgment must be reversed. The rule is that what a person is entitled to recover is measured by the difference between the price paid and the actual value of the property received. The competent testimony is that the price paid was $135 and the value of the automobile was $150.

The next ground of appeal involves the dismissal of the counter-claim of the Finance Company. Since the case is to go back for retrial it should be reversed *in toto* so that the counter-claim may also be considered.

The next ground of appeal is that the verdict ought not have gone against any defendant, in any event, except the seller of the automobile, and in this we think the trial court erred, because the testimony was that any misrepresentations made were made by Toone who was the agent of Mac Fulton, Incorporated, and not the agent of the other appellants. There is no proof that anyone except the seller was represented in the negotiations, so that the judgment against the other appellants is without support in the proofs.

The judgment is reversed and a new trial granted.